**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Herald Hotel Associates, L.P.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                              :
                                                    :    Chapter 11
                                                    :
Herald Hotel Associates, L.P.                       :
                                                    :    Case No.: 20-12266 (SCC)
                        Debtor.                     :
------------------------------------------------------------ x

## DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO MAKE PAYMENT OF PRE-PETITION WAGES, SALARIES, PAYROLL TAXES TO VARIOUS NON-UNION EMPLOYEES

TO:   THE HONORABLE SHELLEY C. CHAPMAN
      UNITED STATES BANKRUPTCY JUDGE

By this motion (the "Motion"), Herald Hotel Associates, L.P. (the "Debtor") as debtor and debtor-in-possession, respectfully submits this motion for an order in accordance with §§105, 363(b), 507(a)(4), (8), and 541(d) of Title 11 of the United States Code, §§101-1532, as amended, ("Bankruptcy Code") and the "Doctrine of Necessity," authorizing the Debtor to (i) pay certain pre-petition priority wages and salaries, subject to the cap under section 507(a)(4) (the "Employee Obligations"), and (ii) granting related relief. The Debtor also requests this Court issue an order authorizing JPMorgan Chase Bank, N.A. ("Chase") to pay checks issued to pay such Employee Obligations. In support of the Motion, the Debtor respectfully represents and states as follows:

{Client/003674/11/02191178.DOC;1 }

**PRELIMINARY STATEMENT**

1. As more fully described herein and in the *Declaration of Brad Thurman Pursuant to Local Rule 1007-2* (the "First Day Declaration"), which is incorporated herein, the Debtor owns and operates a full service Hilton Curio hotel located at 32nd Street and Broadway in Manhattan (the "Hotel"). The Debtor has approximately (30) non-union employees on its payroll (collectively, the "Employees").

2. By this Motion, the Debtor requests an order in accordance with §§ 105, 363(b), 507(a)(4) and (8), and 541(d) of Title 11 of the United States Code, §§101-1532, as amended, and the "Doctrine of Necessity," authorizing the Debtor to pay, among other things, the Employee Obligations. The Debtor also requests this Court issue an order authorizing Chase to pay checks issued to pay such Employee Obligations.

3. The Debtor respectfully submits the payment of the Employees' pre-petition wages is essential to maintain the Debtor's relationship with its Employees. Failure to pay pre-petition wages of the Employees will irreparably impair employee morale at the very time when the dedication, confidence and cooperation of these Employees are most critical. The Debtor faces the risk that its reorganization efforts may be severely impaired if authority for the Debtor to make the payments described herein is not granted.

4. The Employees require their wages to meet their own personal obligations. Absent the relief requested herein, the Employees will suffer undue hardship and likely financial difficulties, and potentially seek other employment.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, and the order of reference, dated July 10, 1984 (Ward, C.J.) as amended by the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is §§ 105, 363(b), 507(a)(4), and (8) and 541(d) of the Bankruptcy Code.

## BACKGROUND

6. On September 22, 2020 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and intends to continue in the operation of its businesses as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

7. The Debtor owns and operates the Hotel. The Hotel is one of the oldest hotels in Manhattan, originally opening in 1899, and has gone through many iterations during this span of 121 years. The Hotel now features 531 rooms, a restaurant featuring a wine bar, 7,798 square feet of meeting space plus 1,155 square feet of pre-function space, a fitness center, a business center, and a concierge desk. At the present time, the Debtor currently employs approximately thirty (30) non-union employees.[1]

## RELIEF REQUESTED

8. As set forth above, the Debtor currently employs a total of approximately thirty (30) non-union employees. These Employees consist primarily of engineers, human resource professionals, and finance professionals. These Employees are paid by written check or direct deposit on a weekly basis, with payroll taking place every Friday. In light of the September 25, 2020 payroll which includes payment of wages that are one week in arrears (i.e. for the period ended September 21, 2020), the September 25, 2020 payroll will include amounts that were earned prior to the Filing Date.

9. By this Motion, the Debtor seeks authority to pay all of the Employee

---

[1] The Debtor's union employees have been furloughed.

{Client/003674/11/02191178.DOC;1 }                          3

Obligations. The Employee Obligations owed to the Employees were earned within 180 days of the Filing Date and are less than the statutory priority amounts set forth in §§507(a)(4) of the Bankruptcy Code. The Employee Obligations consists of the Employees' ordinary wages. The Debtor has provided the United States Trustee with a list of each Employee and the amounts of their ordinary weekly gross wages. The Debtor has not attached a list of each Employee to this Motion in the interest of privacy as well as to prevent the Debtor's competitors from seeking to lure away any of the Employees.

## BASIS FOR RELIEF REQUESTED

10.    The Debtor seeks the approval of this Court and its authority to pay the Employee Obligations to its Employees. It is well settled that a bankruptcy court may authorize the payment of pre-petition obligations where necessary. Payment of pre-petition obligations is rooted in the common-law "necessity of payment" doctrine, which courts have consistently applied where failure to pay pre-petition obligations posed a real and significant threat to a debtor's reorganization. See, e.g., In re Lehigh Valley Railroad Co., 558 F.2d 137 (3d Cir. 1977); In re Penn Central Transp. Co., 467 F.2d 100 (3d Cir. 1972).

11.    In a line of well established cases, the doctrine was first applied beginning with railroad reorganizations dating back to the turn of the century. See, e.g., Gregg v. Metropolitan Trust Co., 197 U.S. 183 (1905) ("the payment of the employees of the [rail]road is more certain to be necessary in order to keep it running than payment of any other class of previously incurred debt"); Miltenberger v. Logansport Railway, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . . [crucial] business relations").

12.    In Ionosphere Clubs, 98 B.R. 174 (Bankr. S.D.N.Y. 1989), this Court recognized that an order authorizing a debtor to pay certain pre-petition wages, salary, medical benefit and business expense claims can be justified by the necessity of payment doctrine, because such

payments are necessary to preserve and protect the debtor's business. 98 B.R. at 175-76. Similarly, in In re Gulf Air, Inc., 112 B.R. 152 (Bankr. W.D. La 1989), the court found that payment of pre-petition employee wage claims was essential to the debtor's reorganization efforts because, without payment, many skilled employees would abandon the debtor's operations. See, also, In re Marine Optical, Inc., 10 B.R. 893 (B.A.P.D. Mass, 1981) (court authorized post-petition payments of pre-petition employee claims including wages and other benefits which would be entitled to priority under 11 U.S.C. §507(a)(3) (as amended, currently 11 U.S.C. §507(a)(4))); Matter of Northern Pipeline Construction Co., 2 C.B.C. 2d, 475, 477 (Bankr. D. Minn. 1980) (debtor obtained authority to pay, on a post-petition basis, pre-petition employee related claims as such payments were in the best interest of the estate and would not significantly affect unsecured creditors); In re Chateaugay Corp., 80 B.R. 279 (Bankr. S.D.N.Y. 1987) (authorizing debtor to make "selective" pre-petition payments and finding that such payment were not in violation of §507 of the Code.

13. As discussed, the "necessity of payment" doctrine is completely applicable in the instant situation. Without assurances that pre-petition obligations will be satisfied, the Debtor risks losing the Employees and maintaining goodwill. The Debtor's maintenance of its work force and its goodwill is essential to its operations, and ultimately to preserving and enhancing the value of its estate for the Debtor and its creditors. The Debtor's situation provides compelling justification for the relief requested.

14. The modern day analogue to the "necessity of payment" doctrine appears in §105(a) of the Bankruptcy Code, which provides, in pertinent part:

> "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

U.S.C. §105(a). Since payment of the pre-petition obligations set forth in the Motion is crucial to Debtor's preservation of its assets, this Court has the authority to order such payment by virtue

of §105(a) of the Bankruptcy Code. Bankruptcy courts in this District routinely grant authority to debtors-in-possession to pay Employee Obligations, as long as they are within the "cap" established under § 507 of the Bankruptcy Code. Each of the Employees that are owed prepetition wages fall within the "cap" under § 507 of the Bankruptcy Code.

15. Moreover, the relief requested in this Motion satisfies Bankruptcy Rule 6003 which provides that to the extent "relief is necessary to avoid immediate and irreparable harm", a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to 21 days after the Filing Date. As indicated herein, failure to pay the Employee Obligations would likely result in the departure of many critical Employees, thereby adversely affecting the Debtor's business operations. The failure to pay even one Employee will not go unnoticed and would likely result in significant repercussions to the Debtor.

16. Finally, the Debtor seek a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

## NOTICE

17. The Debtor has served this Motion upon (a) the U.S. Trustee, and (b) JPMorgan Chase Bank, N.A. The Debtor submits that in light of the facts and circumstances of the case and the nature of the relief requested herein, such notice is sufficient and no other or further notice is required.

**WHEREFORE**, the Debtor requests entry of an order, annexed hereto as **Exhibit "A"**, authorizing payment of the Employee Obligations to its Employees and granting the Debtor such and further relief as the Court seems just and proper.

Dated: New York, New York
September 24, 2020

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Proposed Attorneys for Herald Hotel Associates, L.P.*
*Debtor and Debtor-in-Possession*


By: /s/ Scott S. Markowitz
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco Cavaliere, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                        :
                                                              :   Chapter 11
Herald Hotel Associates, L.P.                                 :
                                                              :   Case No.: 20-12266 (SCC)
                                          Debtor.             :
------------------------------------------------------------ x

# INTERIM ORDER AUTHORIZING THE DEBTOR TO MAKE PAYMENT OF PRE-PETITION WAGES, SALARIES, PAYROLL TAXES

Upon consideration of the Debtor's Motion for entry of an order authorizing the Debtor to make payment of Employee Obligations;[1] and it appearing to the Court that the Debtor has provided proper and adequate notice of the Motion and further demonstrated the relief is necessary to avoid immediate and irreparable harm, and upon the record established at the hearing held on September 29, 2020, and it further appearing that the request for relief is reasonable and proper and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Motion is granted to the extent set forth below; and it is further

**ORDERED** that the Debtor is authorized, but not directed, to honor and pay the Employee Obligations as set forth in the Motion to the Employees, in accordance with the Debtor's stated policies and pre-petition practices, and in the ordinary course of the Debtor's business, including, but not limited to, amounts that have been earned, accrued, or vested prior to the Filing Date, *provided that* no amounts paid to any Employee under this Order shall exceed the limits set forth in 11 U.S.C. §507(a)(4) of the Bankruptcy Code and further provided that such obligations arose within 180 days of the Filing Date; and it is further

**ORDERED** that no bonuses or severance payments subject to section 503(c) of the Bankruptcy Code have been authorized pursuant to this interim prepetition wage order; and it is

---

[1] Capitalized terms otherwise undefined herein shall have the meanings set forth in the Motion.

{Client/003674/11/02191307.DOC;1 }

further

**ORDERED** that the Debtor is authorized, but not directed, in its sole discretion, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed to their Employees; and it is further

**ORDERED** that the Debtor is authorized to file tax returns with, and pay any and all processing fees associated with, and all costs incident to payment of the Employee Obligations, including any associated taxes required to be collected or paid to any appropriate taxing authorities; and it is further

**ORDERED** that any banks or other financial institutions (the "Banks") on which checks were drawn or electronic payment requests made in payment of the Employee Obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such Banks are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order, *provided, however,* that sufficient funds are available in the Debtor's bank accounts to cover such payments; and it is further

**ORDERED** that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order; and it is further

**ORDERED** that a hearing to consider the entry of the Final Order granting the relief requested in the Motion shall be held on **October \_\_\_\_, 2020 at \_\_\_\_\_ \_\_.m.** (the "Final

Hearing"). Any objections or responses to entry of the proposed Final Order granting the requested relief shall be filed by **October _____, 2020 at 5:00 p.m.,** with the Clerk of the United States Bankruptcy Court for the Southern District of New York and be served upon (i) the Debtor; (ii) proposed counsel for the Debtor; (iii) The Office of the United States Trustee, Attn: Richard C. Morrissey, Esq.; and (iv) counsel to any statutory committee appointed in this chapter 11 case. If no objections are timely received, the Court may enter the proposed Final Order without a final hearing; and it is further

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

No Objection to Entry of this Order:

Office of the United States Trustee
Southern District of New York


By:_____
    Richard C. Morrissey, Esq.
    Trial Attorney


Dated: September \_\_\_\_\_, 2020
       New York, New York


                        _____
                        THE HONORABLE SHELLEY C. CHAPMAN
                        UNITED STATES BANKRUPTCY JUDGE