**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Herald Hotel Associates, L.P.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :
                                                             :   Chapter 11
Herald Hotel Associates, L.P.                                :
                                                             :   Case No.: 20-12266 (SCC)
                        Debtor.                              :
------------------------------------------------------------ x

**APPLICATION FOR RETENTION OF TARTER KRINSKY & DROGIN LLP
AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTOR AND
DEBTOR-IN- POSSESSION PURSUANT TO 11 U.S.C. §§ 327, 328 and 1107
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**

TO:   THE HONORABLE SHELLEY C. CHAPMAN
      UNITED STATES BANKRUPTCY JUDGE

By this application (the "Application") Herald Hotel Associates, L.P., the above-captioned debtor and debtor-in-possession (the "Debtor"), respectfully requests the Court approve the retention of Tarter Krinsky & Drogin LLP ("TKD") as its general bankruptcy counsel. In support of the Application, the Debtor states as follows:

**BACKGROUND**

1.    On September 22, 2020 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

{Client/003674/12/02205457.DOC;1 }

As of the Filing Date, pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor intends to continue in possession of its hotel and manage its business as a debtor in possession.

2. The United States Trustee has not appointed a chapter 11 trustee. No committee of unsecured creditors has been appointed. The Debtor continues to be managed on a day-to-day basis under my direction and supervision.

## **RELIEF REQUESTED**

3. By this Application, pursuant to § 327 and 328 of the Bankruptcy Code, the Debtor seeks to retain TKD as its general bankruptcy counsel in its chapter 11 case *nunc pro tunc* to the Filing Date.

4. The Debtor respectfully submits that it is necessary to employ and retain TKD to render services to the Debtor as follows:

(a) To provide advice to the Debtor with respect to its powers and duties as a debtor in possession in its continued management of the Debtor's property;

(b) To negotiate with creditors of the Debtor in furtherance of a plan and to take the necessary legal steps in order to consummate a plan, including, if need be, negotiations in financing a plan;

(c) To prepare on behalf of the Debtor, necessary applications, answers, orders, reports and other legal papers;

(d) To appear before the Bankruptcy Judge and to represent and protect the interests of the Debtor before the Bankruptcy Judge in all pending matters;

(e) To perform all other legal services for the Debtor that may be necessary herein to preserve and protect the Debtor's business.

5. The Debtor believes that TKD is qualified to act as counsel for the Debtor because the attorneys at TKD who will work on this case have considerable experience in similar matters.

6. To the best of the Debtor's knowledge, TKD has no connection with the Debtor herein, its creditors or any other party-in-interest, except as set forth in the declaration of Scott S. Markowitz, a member of TKD, annexed hereto as **Exhibit "A."** The Debtor is satisfied that TKD represents no interest adverse to the Debtor which would preclude it from acting as counsel to the Debtor herein in matters upon which it is to be engaged and that its employment will be in the best interest of the estate. The Debtor believes TKD is a disinterested person as that term is defined in §101(14) of the Bankruptcy Code.

7. The Debtor respectfully requests that TKD be retained on a general retainer basis in accordance with §328(a) of the Code, with compensation and reimbursement of expenses to be determined upon proper application to this Court.

8. The Debtor submits that *nunc pro tunc* retention is appropriate as the Debtor's chapter 11 case was filed under exigent circumstances. In addition, TKD has performed substantial services which were necessary to preserve the Debtor's business as a going concern on a short term basis. I have also been advised that Bankruptcy Rule 6003(a) generally prohibits entry of retention orders during the first twenty-one (21) days of a chapter 11 case.

## NOTICE

9. Notice of this Application has been provided to (i) the Office of the United States Trustee; and (ii) counsel to JPMorgan Chase Bank, N.A., the Debtor's secured lender. The Debtor submits that no other or further notice need be provided.

10. No previous application has been made for the relief requested herein.

**WHEREFORE**, the Debtor respectfully requests entry of an order authorizing TKD as general bankruptcy counsel to the Debtor, and such other and further relief as to this Court deems just and proper.

Dated: New York, New York
       November 9, 2020

                                            **HERALD HOTEL ASSOCIATES, L.P.**
                                            *Debtor and Debtor-in-Possession*

                                            /s/ Brad Thurman
                                            Brad Thurman
                                            Vice President

**EXHIBIT A**

**EXHIBIT A**

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Herald Hotel Associates, L.P.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :
                                                             : Chapter 11
Herald Hotel Associates, L.P.                                :
                                                             : Case No.: 20-12266 (SCC)
                                    Debtor.                  :
------------------------------------------------------------ x

**DECLARATION OF SCOTT S. MARKOWITZ IN SUPPORT OF APPLICATION FOR RETENTION OF TARTER KRINSKY & DROGIN LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC TO THE PETITION DATE PURSUANT TO 11 U.S.C. §§ 327, 328 AND 1107 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014; AND DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. § 329 AND FEDERAL RULE OF <u>BANKRUPTCY PROCEDURE 2016</u>**

I, Scott S. Markowitz, Esq., declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am an attorney admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York. I am a member of the law firm of Tarter Krinsky & Drogin LLP ("<u>TKD</u>"), with an address at 1350 Broadway, New York, New York 10018. I am duly authorized to make this declaration on behalf of TKD.

2.  I submit this declaration pursuant to §§ 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 in support of the entry of an Order of this Court authorizing the retention of TKD as general bankruptcy counsel to the Debtor in this chapter 11 case.

3.  TKD possesses the requisite experience and expertise to advise the Debtor as its general bankruptcy counsel in this Chapter 11 case and to perform such other services as the Debtor may request. TKD is fully familiar with the proceedings in this chapter 11 case.

4.  I will bear primary responsibility for the representation of the Debtor in this case but will utilize other attorneys and personnel at TKD when necessary and appropriate. The Debtor has agreed to compensate TKD at its usual hourly rates for services rendered in connection with this case and to reimburse TKD for expenses and disbursements made in connection therewith, upon proper application to the Court. TKD's current rates (less a 17% courtesy discount), which are subject to annual increases, are as follows:

| | |
|---|---|
| Partners: | $530.00 - $725.00 |
| Counsel: | $445.00 - $665.00 |
| Associates: | $338.00 - $530.00 |
| Paralegals: | $260.00 - $325.00 |

My hourly billing rate is $655 per hour. Alex Spizz, an attorney at TKD, will likely assist me in this case and his hourly rate is $685 per hour and Rocco A. Cavaliere, an attorney at TKD, will also assist me in this case and his hourly rate is $580 per hour.

5.  Other than as set forth below, neither I nor any member or associate of TKD has any connection with the above-referenced Debtor, its creditors, or any other party-in-interest herein or their respective attorneys. Neither I nor TKD represents any interest adverse to the Debtor herein or its estate in the matters upon which TKD is to be engaged. Neither I nor

any other attorney employed by TKD has any connection with the Acting United States Trustee, or any person employed by the Office of the United States Trustee for the Southern District of New York, except that Deborah Piazza, an attorney at TKD, is a panel trustee in the Southern District of New York. Further, TKD is a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code.

6. TKD has represented the Debtor over the years in a variety of matters including labor issues and other miscellaneous legal matters. As of the Filing Date, TKD represented the Debtor as well as the Debtor's ultimate owner, Harold Thurman in an action entitled *Ivan Arcos, on behalf of himself FLSA Collective Plaintiffs and the Class v. 52 W 33 Associates LLC, et al.,* Civil Action No. 20cv1405, pending in the United States District Court for the Southern District of New York (the "FLSA Action"). TKD will no longer represent Harold Thurman or 52 W 33 Associates LLC in the FLSA Action. These defendants will retain substitute counsel.

7. No promises have been made to, or received by, TKD, its partners or associates as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. TKD has no agreement regarding the sharing of compensation with any person or entity other than its economic arrangements with its own partners and associates. TKD has no agreement with any other entity to share any compensation received in connection with this case, nor will any be made, except as permitted under § 504 of the Bankruptcy Code.

8. I have read and am generally familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, and the United States Trustee Guidelines. TKD is competent to represent the interests of the Debtor

herein in all proceedings now pending or which may reasonably be expected to be pending in this Court in the foreseeable future.

9. In mid August, the Debtor received a retainer for its services to be rendered in contemplation of filing this case in the amount of $55,000 (the "Retainer"). TKD utilized the entire Retainer prior to the Filing Date for services rendered in contemplation of and in preparation of the Debtor's chapter 11 filing. TKD waived any fees outstanding in excess of the Retainer. As such, as of the Filing Date, the Retainer was completely exhausted.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

10. TKD shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and application provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other application procedures and orders of the Court. TKD also intends to make reasonable efforts to comply with the United States Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with this application and the interim and final fee applications to be filed by TKD in the course of its engagement.

**ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES**

11. The following is provided in response to the request for additional information set forth in paragraph D.1. of the Appendix B Guidelines.

Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: Yes, TKD agreed to a 17% courtesy discount on its overall bill.[1]

---

[1] The 17% will be deducted from the total fees awarded to TKD in this Chapter 11 case.

{Client/003674/12/02205460.DOC;1 }    4

Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post petition, explain the difference and the reasons for the difference.

Response: TKD's rates provided to the Debtor prepetition were the same as the rates agreed to for the Chapter 11 work. Ordinarily, TKD did not provide discounts on its prepetition invoices.  TKD agreed to provide the 17% discount for post petition services at the request of the Debtor's owner and in view of the Debtor's current financial condition due to the Covid-19 pandemic.

Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: The Debtor prepared and filed an initial thirteen (13) week cashflow attached to the interim cash collateral order (the "Cashflow Budget").  The Cashflow Budget included a line item for Debtor's professional fees.  As the Debtor's Chapter 11 case continues to develop, TKD will formulate a budget and staffing plan for this proposed retention, which it will review with the Debtor as contemplated by Part E of the Appendix B guidelines (and which may be amended as necessary to reflect changed circumstances or unanticipated developments).

12. The foregoing constitutes TKD's statement pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

13.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of November 2020

/s/ Scott S. Markowitz
Scott S. Markowitz

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Herald Hotel Associates, L.P.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                              :
                                                    :
                                                    :   Chapter 11
Herald Hotel Associates, L.P.                       :
                                                    :   Case No.: 20-12266 (SCC)
                        Debtor.                     :
                                                    :
                                                    :
------------------------------------------------------------ x

**DECLARATION OF BRAD THURMAN IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL BANKRUPTCY RULES AUTHORIZING THE EMPLOYMENT AND RETENTION OF TARTER KRINSKY & DROGIN LLP AS ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

I, BRAD THURMAN, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am the Vice President of Herald Hotel Associates, L.P. ("Hotel" or "Debtor") a limited partnership organized under the laws of the State of New York. The Hotel filed a voluntary chapter 11 petition with the Clerk of this Court on September 22, 2020 (the "Petition Date"). I am duly authorized to make this declaration (the "Declaration") on behalf of the Debtor.

2. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge and experience as Vice President for the Debtor.

3. On the Petition Date, the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). I submit this declaration (this "Declaration") in support of the Debtors' application (the "Application") to retain Tarter Krinsky & Drogin LLP ("TKD") as counsel for the Debtor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2014-1 and 2016-1 for the Southern District of New York (the "Local Rules").

4. Based on TKD's qualifications as set forth in the Application and Declaration of Scott S. Markowitz, the Debtor has selected to retain TKD to serve as attorneys for the Debtor in the above-captioned chapter 11 case *nunc pro tunc* to the Petition Date. In addition, TKD is fully familiar with the Debtor's business and operations.

5. This Declaration is provided pursuant to Part D.2. of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases; and the Appendix B Guidelines,* (the "Fee Guidelines") which were adopted by the Executive Office of the United States Trustee under 28 U.S.C. § 586(a)(3). I am informed by counsel that the Guidelines request that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following, where applicable:

    A. The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

      B.      The steps taken by the client to ensure the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

      C.      The number of firms the client interviewed.

      D.      If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

      E.      The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

**Identity of the Declarant and Number of Firms Interviewed**

6. I and my father Harold Thurman are responsible for monitoring and controlling legal costs. In that capacity, I was directly involved in the Debtor's decision to retain TKD to serve as the Debtor's attorneys in this Chapter 11 Case and actively participated in negotiating the terms of TKD's employment on behalf of the Debtor. Debtor did not interview other law firms as TKD and particularly Scott S. Markowitz, the partner in charge of the Debtor's representation in this Chapter 11 case, is familiar with the Debtor and agreed to a 17% across the board reduction of its overall fees approved by this Court.

**Steps Taken to Ensure Comparability of Engagement Terms**

7. The Debtor recognizes that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements.

8. I have confirmed with TKD that, while TKD's billing rates vary from attorney to attorney based on such factors as the individual attorney's rank (e.g., partner, associate),

years of experience, and the demand for services in the attorney's particular area of expertise, their billing rates do not vary as a function of whether the services performed related to a bankruptcy engagement or a non-bankruptcy engagement. TKD has advised me that its current customary hourly rates are $530 to $725 for Partners, $445 to $665 for counsel, $338 to $530 for associates, and $260 to $325 for paralegals and law clerks. However, I was able to negotiate a 17% discount of TKD's overall fees which this Court ultimately approves.

9. In addition, I have been informed by TKD that its hourly rates are set annually by reference to various annual market surveys and other sources of market information. I have been further informed by TKD that based on these and other sources, including reviews of contemporaneous time records and fee applications filed in other bankruptcy cases, TKD endeavors to set the hourly rates for its attorneys and paraprofessionals at or below those of its principal competitor firms. To the extent there is any disparity, I nevertheless believe that TKD's retention by the Debtor is warranted in this case for the reasons set forth in the Debtor's Application.

**Procedures Established to Supervise Fees and Expenses and Manage Costs**

10. In addition, TKD's fees and expenses will be subject to my review, comment and objection (if warranted), and court approval pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules and orders of the Court, guidelines established by the United States Trustee, and such other procedures as may be fixed by order of this Court.

11. Additionally, as the Debtor's Vice President, I will monitor legal fees and expenses incurred in this Chapter 11 case to ensure the reasonableness of such fees and expenses. During this Chapter 11 case, I will monitor TKD's invoices to ensure that the fees and expenses requested are reasonable in nature and correspond to necessary or beneficial services rendered.

12. The Debtor prepared and filed a thirteen (13) week cash flow budget (which is attached to the cash collateral motion), which included items such as "Debtor's Professional Fees" Using this budget as a guide, the Debtor expects to develop a specific prospective budget and staffing plan for TKD to comply with the United States Trustee's requests for information and additional disclosures, and any orders of this Court. I will continue to review the invoices that the Debtor submit and, together with TKD, amend such invoices as necessary.

13. Nothing contained in the foregoing is intended to limit TKD's ability to request allowance and payment of fees and expenses pursuant to 11 U.S. C. §§ 330 and 331, nor to restrict TKD's right to contest any objection raised to the allowance or payment of such fees, nor to restrict the Debtor's right to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest (e.g., the United States Trustee).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 9th day of November 2020

/s/ Brad Thurman
Brad Thurman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                       :
                                                             :  Chapter 11
Herald Hotel Associates, L.P.                                :
                                                             :  Case No.: 20-12266 (SCC)
                                             Debtor.         :
------------------------------------------------------------ x

# ORDER AUTHORIZING RETENTION OF TARTER KRINSKY & DROGIN LLP AS GENERAL BANKRUPTCY COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC TO THE FILING DATE

Upon the application dated November 9, 2020 (the "Application") of Herald Hotel Associates, L.P., debtor and debtor-in-possession (the "Debtor") to retain Tarter Krinsky & Drogin LLP as general bankruptcy counsel to the Debtor; and upon the declaration of Scott S. Markowitz, Esq., dated November 9, 2020; and upon the declaration of Brad Thurman to comply with the United States Trustee Fee Guidelines for larger chapter 11 cases, duly sworn to on November 9, 2020; and after due deliberation; and it appearing that sufficient notice was provided in accordance with the Bankruptcy Rules; and it appearing that the firm of Tarter Krinsky & Drogin LLP represents no interest adverse to the Debtor as debtor-in-possession herein, or to its estate, in the matters upon which they are to be engaged; and Tarter Krinsky & Drogin LLP is a disinterested person as that term is defined in §101(14) of the Bankruptcy Code; and that their employment of counsel is necessary and would be to the best interests of this estate; it is hereby

**ORDERED** that the Application is granted to the extent provided herein; and it is further

**ORDERED** that the Debtor be and hereby is authorized to retain and employ Tarter Krinsky & Drogin LLP as attorneys to represent it under a general retainer in the within proceeding pursuant to §§327, 328 and 1107 of the Bankruptcy Code, effective as of the filing date; and it is further

**ORDERED** that to the extent the Application or any other document is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED** that, notwithstanding any provision to the contrary in the Application or the engagement letter between the Debtor and Tarter Krinsky & Drogin LLP, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED** that Tarter Krinsky & Drogin LLP shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, and the United States Trustee Fee Guidelines; and it is further

**ORDERED** that ten business days' notice must be provided by Tarter Krinsky & Drogin LLP to the Debtor, the United States Trustee and any official committee prior to any increases in the rates set forth in the Declaration of Disinterestedness that was filed with the Application, and such notice must be filed with the Court.

**No Objection to Entry of this Order:**

WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE

By:  /s/ Richard Morrissey
     Richard Morrissey, Esq.
     Trial Attorney
     November 9, 2020


Dated:   New York, New York
           November ___, 2020

                                        HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE